WARREN S. JONES, JR., ESQUIRE
Bar #003781980
Law Offices of Warren S. Jones, Jr., LLC
1 Trinity Lane
Mount Holly, NJ  08060
(609) 261-8400
(609) 261-5252 fax
email@warrensjones.com

-----------------------------------------------------------------------------------------------------------

| | |
|---|---|
| In Re | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF NEW JERSEY |
| Elizabeth  Impellizzeri | CHAPTER 13 |
| | Case No. 20-16208 |
| Debtor(s) | RESPONSE TO OBJECTION FILED BY TRUSTEE |
| | HEARING DATE:  July 15, 2020 |

Elizabeth  Impellizzeri, Debtor(s), files this Response to Objection filed by Albert Russo, Trustee and in support of this Response, respectfully avers as follows:

1. On May  4, 2020 ("Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. A 341(a) Meeting of Creditors was held on June  4, 2020.

3. The Confirmation hearing is scheduled on July 15, 2020.

4. On June 5, 2020, the trustee filed an objection to confirmation for failure to supply the Trustee with HUD-1 Settlement Statements for three properties sold in Georgia sold in 2016 and 2017.

    a. The Debtor has provided copies of the requested documents to the trustee subsequent to the objection being filed.  Two of three properties sold in 2016 with the Debtor receiving approximately $10,000.  The third property sold provided the Debtor with $71,335.18 on November 1, 2017 two years and six months before the instant case was filed.  The Debtor further reports that those funds were

mostly used to pay down mortgage debt that was acquired to purchase the property sold; however, since the mortgage was a lien on Debtor's current New Jersey residence in the form of a home equity line of credit rather than a mortgage on the applicable Georgia property, the settlement statement did not reflect this payment. Debtor also used a portion of the funds for home improvements including new flooring, a new blacktop, new well, dead tree/stump removal, and sprinkler system at a cost of approximately $18,000 total. The Debtor also had a septic system put in that was financed; however, the monthly payments were paid by the reminder of the settlement proceeds.

5. Trustee also objected that the Debtor may have taken exemptions improperly, but that documentation is necessary to determine if proper exemptions were taken relative to stock, whole life insurance, and a health spending account.

    a. The debtor has a life insurance policy with a cash surrender value, less a loan balance, of $5,357.28. The petition reflected a value of $4,927.24; however, that amount has been amended as has the corresponding exemption. The Debtor claimed an exemption under 11 U.S.C. § 522(d)(8). The insurance policy is unmatured and the debtor is both the owner and the insured. Accordingly, the debtor's exemption claimed is proper. A copy of the annual insurance policy statement has been supplied to the Trustee.

    b. The stock account reflected on Schedule B consisted of an account with 38 shares of Prudential stock (PRU) with an amount of $2,262.52 based on May 1, 2020 value; however, that amount has been amended as has the corresponding exemption to $2,237.44 to value as of the petition date. The closing price of PRU stock was $58.88 on May 4, 2020 resulting in a total value of $2,237.44. The Debtor claimed a proper exemption under 11 U.S.C. § 522(d)(5). A verification as to the stock price on May 4, 2020 and the number of shares held has been supplied to the Trustee.

    c. Debtor has a Health Spending Account (hereafter "HSA") with a petition scheduled value of $6,000.00. The HSA has two (2) components which include a cash and an investment component. The cash component as of April 30, 2020 is $1,000.06 as evidenced by a monthly statement that has been supplied to the Trustee. The investment account component was valued at $5,051.09 as of March 31, 2020 as evidenced by a quarterly statement supplied to the trustee. Because the statements are issued quarterly, that was the most current documentation available at the time. Debtor has obtained and provided to the Trustee verification of the combined value as of the petition date. Same has been supplied to the Trustee. Schedules B and C reflected $6,000 for the combined accounts; however, that amount has been amended as has the corresponding exemption to $6,842.97 value as of the petition date. The Debtor claimed a proper exemption under 11 U.S.C. § 522(d)(5).

6. Trustee's objection is also based on not paying all disposable income into the plan based on trustee's calculation of income. Trustee indicates verified income of $6,910.20 rather than scheduled income of $6,761.29 resulting in a difference of $148.91. Trustee also objects based on the 401(k) loan being paid in full as of September 2023 resulting in an extra $446 per month of disposable income.

    a. Debtor takes no position as to the accuracy of the calculation of income but has filed a modified plan to increase the monthly payment to the Trustee increasing the monthly payment by $148.91 and an increase by an additional $446 monthly starting October 1, 2023 subject to the provision that should the amount scheduled to be paid exceed actual claims filed, Debtor may modify the plan to reduce monthly payments provided all claims are paid at 100%.

7. Trustee objects based on purported discrepancy as to the attorney fee being paid in the plan since the attorney compensation statement provides payment of $1,425 while the plan indicates $0 attorney fee.

    a. The attorney fee of $1,425 is correct; however, it is being paid directly by a third-party, employer-based legal plan and $0 is to be paid through the plan. An amended attorney compensation statement has been supplied to the Trustee.

8. Trustee objects that documentation to the trustee has not been provided relating to the life insurance policy, stock and health spending account.

    a. The referenced documentation are the documents referenced in Paragraph 5(a-c) above. The documentation has separately been submitted to the trustee.

9. Trustee objects that the Pre-Confirmation Certification of Compliance has not been filed.

    a. Subsequent to the Trustee's objection, Debtor has filed a Pre-Confirmation Certification of Compliance.

WHEREFORE, Debtor prays this Honorable Court confirm the Debtor's plan notwithstanding the objections filed by the Trustee.

Dated: 6/15/2020        By:    **/s/ Elizabeth Impellizzeri**
                                              Elizabeth Impellizzeri
                                              Debtor